**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

GENARO QUILES QUILES,

    Plaintiff,

       v.                      CIVIL NO. 99-1868 (PG)

WILLIAM J. HENDERSON, ET AL.,

    Defendants

## OPINION AND ORDER

Before the Court is plaintiff's "Motion for Attorney's Fees" (Docket No. 107.) For the following reasons the Court grants the request for attorney's fees but reduces the amount requested.

## BACKGROUND

Plaintiff Genaro Quiles-Quiles ("Quiles") brought this action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12203(a) et seq., against U.S. Postmaster William J. Henderson, claiming that the Postal Service subjected him to disability-based discrimination and retaliatory harassment. The matter culminated in a ten-day jury trial, during which Quiles presented evidence that at the time of the events at issue, he was serving as a window distribution clerk.

At the close of plaintiff's case-in-chief, defendant moved for judgment as a matter of law arguing that plaintiff failed to establish that he was disabled as defined by the Rehabilitation Act. At the close of all the evidence, defendant again moved for judgment, adding that not only did plaintiff fail to evidence a disability, he was not subjected to a hostile work environment as defined by law. The Court again denied the motion, and on October 30, 2003, the jury returned a verdict in favor of plaintiff on both his discrimination and retaliation claims. On defendant's motion, the Court reduced the damage award from $950,000 to $300,000, pursuant to the statutory cap set forth in the Civil Rights Act of 1964, 42 U.S.C. § 1981a(b)(3)(D). Defendant simultaneously renewed his Rule 50 motion and later filed a memorandum of law. (See Docket Nos. 75 & 77). Defendant

Civil No. 99-1868 (PG)                                             Page 2

buttressed his oral arguments and added that Quiles failed to exhaust administrative processes thereby defaulting his retaliation claim. In the alternative, defendant requested a new trial. Quiles filed a response on February 6, 2004, maintaining that the jury reasonably determined he was a victim of disability-based discrimination and retaliatory harassment, and that defendant waived all the arguments he failed to raise in the oral Rule 50 motion. (Docket No. 88.) The Court granted defendant's Rule 50 motion and denied the alternative motion for a new trial. (Docket No. 99.) Judgment was entered accordingly. (Docket No. 100.)  Plaintiff appealed. (Docket No. 101.)

The Court of Appeals reversed the Court's decision and held that the evidence was sufficient to ground the jury's finding that Quiles was discriminated against because of his perceived disability.  The Court of Appeals also found that there was sufficient evidence for the jury to have found that the hostile environment was motivated by a desire to retaliate against Quiles. The Court remanded the case with instructions to reinstate the jury verdict.

Plaintiff now seeks attorneys fees in the amount of $111,700.00 pursuant to 29 U.S.C. §794a. (Docket No. 107.) Defendant opposes plaintiffs' request arguing that both the hourly rate and the amount of hours expended are unreasonably high. Defendant moves for a reduction of the $250.00 hourly rate averring that after the Postal Service's in-house attorney, David S. Friedman, challenged the hourly rate in a letter he wrote to Mr. Quetglas, the latter admitted that his approved rate is $225.00 per hour. (See Docket No. 118, Exh. A.) With respect to the 446.80 hours, defendant takes issue with the amount of hours spent drafting the Rule 50 motion among other things. He asks that the hours spent on the opposition to the Rule 50 motion be reduced by at least one-half. He further claims that several entries are vaguely explained and that some include non-legal tasks. He asks that the hours regarding the entries during the 1998 - 2003 period be reduced by at least 10% if not 20%.

Civil No. 99-1868 (PG)                                                Page 3

## DISCUSSION

Under the so-called American Rule, attorney's fees may be granted only if the relevant statute provides for such an award. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247, 257(1975); Bercovitch v. Baldwin School, Inc., 191 F.3d 8, 10 (1st Cir. 1999). Pursuant to the Rehabilitation Act, in "any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs." 29 U.S.C.A. § 794a(b). "[A]ttorneys' fees are available under section 794a(b) whenever a party presents a substantial section 504 claim even if they do not ultimately prevail under that claim." Smith v. Cumberland School Committee, 703 F.2d 4, 9 (1st Cir. 1983). Plaintiff prevailed in his Rehabilitation Act claim therefore, he is entitled to reasonable attorneys' fees.

The court's starting point is calculating the lodestar; that is, determining the fee amount by multiplying the number of hours productively expended by counsel times a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433(1983); Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992). "Typically, a court proceeds to compute the lodestar amount by ascertaining the time counsel actually spent on the case and then subtracting from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." Lipsett, 975 F.2d at 937 (citation and internal quotation marks omitted). "Once established, the lodestar represents a presumptively reasonable fee, although it is subject to upward or downward adjustment in certain circumstances." Id., (citing Blum v. Stenson, 465 U.S. 886, 897(1984)). A fee award is reviewable only for mistake of law or abuse of discretion. Lipsett, 975 F.2d at 937.

I. **Hourly Rate**

Plaintiff's counsel, Jose F. Quetglas Jordan, claims he bills at a rate of $250.00 per hour. (Statement Under Penalty of Perjury of Jose F. Quetglas Jordan in Support of Plaintiff's Motion for Attorney's Fees, Docket No. 107,

Exhibit B.) Defendant objects arguing that Mr. Quetglas told his in-house counsel that his approved rate is only $225.00 per hour.

"Reasonable fees" under the state are to be calculated according to the prevailing market rates in the relevant community. <u>Blum</u>, 465 U.S. at 895[1]. The Court has reviewed the recent cases from this district and the rates considered prevailing in the market. <u>See</u> <u>Torres-Rivera v. Espada-Cruz</u>, Civ No. 99-1972(CCC), 2006 WL 2136640, *2 (D.P.R., July 27, 2006)(prevailing rate for this community is considered to be $200.00-$225.00 per hour); <u>Zayas v. Puerto Rico</u>, 451 F.Supp.2d 310, 315-316 (D.P.R. 2006)(hourly rate for lead counsel set at $200.00, the unidentified attorneys' rate at $110.00, and the paralegal rate at $50.00); <u>Rosario-Urdaz v. Rivera-Hernandez</u>, 451 F.Supp.2d 305, 309-310 (D.P.R. 2006)($225.00/hour for in-court time and $200.00/hour for out-of-court time for attorney with twenty-two years of experience and $250.00/hour for in-court time and $225.00/hour for out-of-court time for attorney with thirty years of experience)[2].

The Court has also reviewed the hourly rate that has been approved for Counsel Jose F. Quetglas Jordan. <u>See</u> <u>Velazquez Hernandez v. Morales</u>, 810 F.Supp. 25, 28-29 (D.P.R.1992)(finding hourly rate of $125.00 for 1992; $100.00 for 1990-1991; and $85.00 for 1988-1989 reasonable); <u>Gina Marrero v. Goya of Puerto Rico</u>, Civil No. 97-2297(GG), Opinion and Order issued on

---

[1] <u>Garrity v. Sununu</u>, 752 F.2d 727, 739, n.11 (1st Cir. 1984)("Because the fees provision in section 505 of the Rehabilitation Act is similarly worded to 42 U.S.C. § 1988, the Court's holding in <u>Blum v. Stenson</u> is controlling as to the former as well as the latter. See <u>Smith v. Robinson</u>, 468 U.S. at ----, 104 S.Ct. at 3466 (section 505 incorporates legislative history of section 1988)(citations omitted).

[2] <u>See also</u> <u>Ciudadana v. García-Morales</u>, 359 F.Supp.2d 38, 45 (D.P.R.2005) (setting $225.00 for in-court and $200.00 for out-of-court time as the hourly rate); <u>Rodríguez-Sostre v. Municipio De Canóvanas</u>, 251 F.Supp.2d 1055, 1058 (D.P.R.2003) (awarding $225.00 to $250.00 for in-court time and $200.00 for out-of-court time); <u>Tejada-Batista v. Fuentes-Agostini</u>,263 F.Supp.2d 321, 328 (D.P.E. 2003)(holding that a rate of $175.00 for in-court time and $150.00 for out-of-court time is as reasonable); <u>Rodríguez v. Int'l College of Business Tech., Inc.</u>, 356 F.Supp.2d 92, 96-97 (D.P.R.2005) (approving $190.00 for in-court time and $125.00 for out-of court time); <u>Top Entertainment Corp. v. Torrejón</u>, 349 F.Supp.2d 248, 254-55 (D.P.R.2004) (finding $250.00 hourly rate as excessive and reducing the rate to $125.00/hour); <u>Anywhere, Inc. v. Romero</u>, 344 F.Supp.2d 345, 348 (D.P.R.2004) (finding that an hourly rate of $250.00 for the more experienced attorney and of $150.00 for the less experienced attorneys reasonable); <u>Vieques Conservation & Hist. Trust, Inc. v. Martínez</u>, 313 F.Supp.2d 40, 47 (D.P.R.2004) (reducing hourly rate to $225.00).

Civil No. 99-1868 (PG)                                                Page 5

May 8, 2001, at pp. 10-11(finding $225.00 a reasonable hourly rate); <u>Bonilla</u>
<u>v. Trebol Motors Corp.</u>, Civil No. 92-1795 (JP), 1997 WL 178861, 29 (D.P.R.
March 27, 1997)($250.00 per hours is a reasonable rate).

    Having reviewed the record, as well as the prevailing rate in the
community, we agree with defendant that an hourly rate of **$225.00** is
reasonable. Therefore, the Court reduces the rate accordingly.

    **II.   Time sheets**

    The Court has reviewed the time sheet submitted by plaintiff's counsel
and having considered defendant's objections, makes the following findings.

    Plaintiff's counsel claims he spent thirty (30) hours from 8/4/99 to
8/9/99, conducting legal research, drafting, and proofreading the
complaint.(See Docket No. 107, Exhibit 2.) The Court finds this amount of
time excessive. Accordingly, it reduces said amount by 20% to reflect a
total of 24 hours expended in the preparation of the complaint.

    From 3/18/02 to 5/7/02 plaintiff's counsel claims he spent forty (40)
hours reviewing the motion to dismiss and documents, conducting legal
research regarding the issues raise therein, as well as drafting and
proofreading the opposition to the motion to dismiss.  The Court also finds
this amount excessive and reduces it by 10% to 36 hours spent working on the
opposition to the motion to dismiss.

    From 8/11/03 to 8/18/03 plaintiff's counsel states he spent twenty-nine
point nine (29.9) hours in the preparation of the Proposed Pre Trial Order.
He claims those hours were spent reviewing documentation, conferring with
his client, consulting with opposing counsel regarding stipulations, as well
as drafting and proofreading the Proposed Pre Trial Order. The Court also
reduces this amount by 10% for excessiveness. Accordingly, it is reduced to
26.9 hours.

    Finally, plaintiff's counsel claims he spent eighty-seven point eight
(87.8) hours[3] working on the opposition to the Rule 50 motion.  The Court is

---

[3] Defendant erroneously claims that plaintiff's counsel devoted 120 hours to
oppose Defendant's Rule 50 motion.

Civil No. 99-1868 (PG)                                                      Page 6

aware that this was one of the crucial events in the litigation of this case, however, the hours spent on this task, in light of the record, are excessive. Considering the complexity and length of the memorandums filed, the Court will reduce the amount by 10% to reflect 79.1 hours spent working on the opposition to the Rule 50 motion.

The remaining hours expended by counsel as indicated in the time sheet are reasonable considering the complexity of the case and the tasks performed.

In sum, the Court deducts the following from the 446.80 hours claimed:

-    6 hours from the time spent working on the Complaint,

-    4 hours from the time spent working on the Opposition to the Motion to Dismiss,

-    3 hours from the time spent working on the Proposed Pre Trial Order, and

-    8.7 hours from the time spent working on the Opposition to the Rule 50 Motion.

Total reduction = 21.7 hours for a final tally of 425.1 hours.

Final fee calculation: 425.1 x $225.00 p/h = **$95,647.50 in fees.**

<u>**CONCLUSION**</u>

For the reasons aforementioned, the Court **GRANTS IN PART AND DENIES IN PART** plaintiff's Motion for Attorney's Fees **(Docket No. 107)** and awards plaintiff's counsel $96,647.50 in fees.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 12, 2007.

                                        S/JUAN M. PEREZ-GIMENEZ
                                        U. S. DISTRICT JUDGE